**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ASYLVESTER AGUILAR, § | |
| No. 34590-077, § | |
|     Defendant-Movant, § | |
| § | |
| v. § | No.  3:00-CR-0205-H |
| §(No.  3:05-CV-0811-H) | |
| UNITED STATES OF AMERICA, § | |
|     Plaintiff-Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type Case:  This is a motion to set aside, vacate or correct sentence filed pursuant to 28 U.S.C. § 2255.

    Parties: Asylvester Aguilar ("Movant" or "Aguilar") is a federal prisoner currently confined at FCI Three Rivers in Three Rivers, Texas.  Process has not been issued in this case.

    Statement of the Case: Movant plead guilty to distribution of a controlled substance within one thousand feet of a school on August 24, 2000. He was sentenced on April 5, 2001 to 121 months in the penitentiary and ten years of supervised release. Aguilar appealed his conviction, but his appeal was later dismissed by his request.  On April 22, 2005 Movant filed the present motion to vacate under 28 U.S.C. § 2255.

    Findings and Conclusions: In his memorandum, Aguilar acknowledges that his motion is untimely filed.  (Mem.  in Supp.  of Mot.  to Vacate, Set Aside, or Correct Pursuant to 28 U.S.C.

1

§ 225(6)(3) [sic] and Newly Recognized Right at 3). However, he contends that his motion is timely filed under §2255(3) because his motion is based on new law handed down by the Supreme Court in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005).[1] Because neither the Supreme Court nor the Fifth Circuit has held that the *Booker* decision applies retroactively to cases on collateral review, Aguilar's motion does not come within the purview of the exception set out in§ 2255(3).

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's motion be dismissed as being time-barred.

A copy of this recommendation shall be transmitted to Movant.

**SIGNED** this 14th day of July, 2005.

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1] Movant uses *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) as authority for his contentions. However, it is apparent in the context of his motion that he is alleging a *Booker* issue.

2